**O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE W. METZGER,<br><br>                Plaintiff,<br><br>     vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                Defendant. | CASE NO. SA CV 14-01360 RZ<br><br>MEMORANDUM OPINION<br>AND ORDER |

         Plaintiff Steve W. Metzger seeks review of the Commissioner's decision denying his application for disability benefits. Plaintiff and Defendant each have filed memoranda in support of their pleadings. The Court determines that a reply is not necessary to a full understanding of the issues, and therefore issues its decision now.

         Plaintiff claimed an onset date of September 21, 2008, and testified that his condition was greatly improved following his neck surgery in June 2011. [AR 98] His attorney noted this improvement during the hearing as well [AR 93] and, in this Court, addresses the claimed errors only as they pertain to the findings before December 2011, the point at which Plaintiff says his headaches resolved and his cervical fusion became solid. (Plaintiff's Memorandum in Support of Complaint 8:26-9:4.) The medical expert gave his opinion of Plaintiff's capacity prior to the surgery [AR 96]. Thus, the focus of this case is whether Plaintiff was entitled to benefits beginning on the onset date and ending sometime

withing six months after the June 2011surgery. The errors Plaintiff asserts in this Court thus are viewed in that context.

Plaintiff asserts two errors: that the Administrative Law Judge wrongly discredited Plaintiff's treating physician, and that he wrongly discredited Plaintiff himself. The Court addresses those in turn.

The Administrative Law Judge found that Plaintiff had the following residual functional capacity:

> [O]ccasionally lift and/or carry 20 pounds; frequently lift and/or carry 10 pounds; stand and/or walk (with normal breaks) for 2 hours in an 8-hour workday; sit (with normal breaks) unlimited; occasionally perform all posturals, except never climb ladders, ropes, or scaffolds; avoid extremes of neck motion, maintaining a fixed head position 15 to 30 minutes at a time and keeping it at a comfortable position otherwise; and limited to simple tasks with simple work related decisions.

[AR 22] Plaintiff finds fault with that portion of this finding that concerns his ability to stand and sit. Dr. Kwok, one of Plaintiff's treating physicians, completed a physical capacities evaluation, in which he checked boxes indicating that Plaintiff was limited in an eight hour work day to sitting a total of one hour, standing a total of one hour and walking a total of one hour. [AR 372] The Administrative Law Judge rejected this opinion. The Administrative Law Judge was justified in his rejection.

As Plaintiff notes, the Administrative Law Judge stated that Dr. Kwok's opinion was not consistent with the record as a whole [AR 27], but Plaintiff omits the following portion of that statement "*e.g.*, unremarkable physical examinations and mild MRI/xray findings as discussed above." [*Id.*] Thus, the Administrative Law Judge did not

simply reference the record in general terms; he referenced the specific portions that he had discussed concerning examinations and imaging that had been performed:

- He noted Xrays in 2009 showing, among other things, degenerative disc disease and spondylosis most severe at C5-6 and C6-7; and a normal CT scan of the head at the same time. [AR 23]
- He noted a physical examination in February 2010 which contained largely unremarkable findings, except for diagnoses of degenerative disc disease of the cervical and lumbar spine. [AR 24] Among the observations during that examination were that Plaintiff had mild difficulty in getting on and off the examining table and changing positions; that he walked with a normal gait; that there was no tenderness in the cervical and lumbar spine; and that there were no neurological deficits.
- He noted a May 2010 physical examination that showed muscle spasm in the cervical spine and mild pain with motion. There was no sensory loss and no motor weakness. [AR 24]
- He noted an MRI in December 2009, and the mild-moderate reaction to epidural injections. [AR 25]
- He noted an emergency room visit in October 2010 for headaches, in which Plaintiff denied nausea or vomiting, and obtained relief with Dilaudid.
- He noted a December 2010 physical examination in which Plaintiff appeared to be in "moderate distress" secondary to his headache, but had no neurological deficits; again he obtained relief with Dilaudid. [AR 25]
- He noted a February 2011 visit where Plaintiff said that his headaches were best when he was lying on a bed, but where the examination showed that Plaintiff had no weakness or numbness of his extremities, and a CT myelogram showed no evidence of cerebro spinal fluid leakage. [AR 25]; and

- He noted a June 2011 examination in which Plaintiff's neck was soft and supple with good range of motion, and no cervical tenderness. [AR 25]

Plaintiff also discusses the record, and discusses parts that he says support Dr. Kwok's opinion. But none of them indicates any opinion by Dr. Kwok that Plaintiff can sit or stand for such a limited time as Dr. Kwok indicated on the physical capacities evaluation form. And none of them belies the Administrative Law Judge's conclusion that the record as a whole shows "unremarkable physical examinations and mild MRI/xray findings" [AR 27] insofar as those bear on the question of Plaintiff's ability to sit or stand.

There is a second reason that the Administrative Law Judge was justified in rejecting Dr. Kwok's opinion, as stated in the physical capacities questionnaire, that Plaintiff could sit and stand no more than one hour: it wasn't Dr. Kwok's opinion. Dr. Kwok wrote right on the form that these limitations were "per patient report." [AR 372] Thus, the correct evaluation of these limitations depends upon an evaluation of Plaintiff's credibility. As noted, the Administrative Law Judge found Plaintiff not fully credible. [AR 26] Thus, whether the Administrative Law Judge's decision on credibility can be upheld forms the more appropriate inquiry on this point.

The Administrative Law Judge found Plaintiff "less than fully credible." [AR 26] As a starting point, therefore, the Administrative Law Judge did not find that *nothing* Plaintiff said was believable. But he clearly did not believe the assertion that Plaintiff's impairments were debilitating and, by finding that Plaintiff could stand or walk for two hours in an eight hour day, and sit for an unlimited amount of time [AR 22], clearly rejected the assertion that Plaintiff could do so only for an hour a day, or had to constantly lie down during the day.

Evidence cited by the Administrative Law Judge did support his conclusion. A person who could mop, drive, cook and perform household chores [AR 26] would not have to lie down all day, and would be able to be on his feet more, or sit more, than Plaintiff asserted. It was not necessary that the Administrative Law Judge calibrate the

time, but rather that he identify some information that made Plaintiff's statements of his limitations less believable. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012). This he did. Perhaps the evidence could be susceptible to other interpretations; but it was reasonably susceptible to the interpretation by the Administrative Law Judge, and that is sufficient. *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Burch v. Barnhart*, 400 F.3d 676, 694 (9th Cir. 2009).

        The Court also notes that the residual functional capacity found by the Administrative Law Judge, which contained the greater capacity than Plaintiff testified he retained, was supported by additional opinion evidence referred to by the Administrative Law Judge, and thus also bolstered his determination that Plaintiff was not fully credible. The medical expert Dr. Landau found that Plaintiff retained a greater capacity than Plaintiff asserted. [AR 94] Plaintiff attempts to shoehorn Dr. Landau's opinion into the line of cases typified by *Orn v. Astrue*, 495 F.3d 625 (9th Cir. 2007), to the effect that the opinion of a non-examining physician who relies on the same data as the treating physician, but whose opinion differs, cannot by itself constitute substantial evidence in support of the decision. That line of cases does not apply here, however. Dr. Landau surveyed a more extensive record than the treating physician did, and his opinion also can impeach Plaintiff's credibility. Moreover, Dr. Landau was not the only physician who gave an opinion at odds with Plaintiff's views of his own limitations. So too did the State agency physician [AR 354] and the examining consultant. [AR 340] These medical opinions — not alone, but together with the other information identified by the Administrative Law Judge — also gave backing to the Administrative Law Judge's conclusion that Plaintiff was not entirely credible. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008).

///
///
///
///

In short, the Court finds neither of Plaintiff's arguments persuasive. In accordance with the foregoing, the decision of the Commissioner is affirmed.

IT IS SO ORDERED.

DATED: April 16, 2015

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE

- 6 -